Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is number 23-2069, Jennifer Cotto et al. v. Andrea J. Campbell et al. At this time, would counsel for the appellants please introduce herself on the record to begin. Good morning, your honors, and may it please the court. Assistant Attorney General Christine Vimineri on behalf of the Commonwealth Defendants Appellants. I'd like to request to reserve two minutes for rebuttal. You may. Thank you. The court should reverse the decision of the district court below insofar as it allowed plaintiff's claims to proceed. The court should find that plaintiff's claims are entirely barred by sovereign immunity and that the ex parte young exception does not apply for the following three reasons. First, plaintiffs have failed to plausibly allege an ongoing violation of federal law. Second, even if the court were to find that plaintiffs alleged an ongoing violation, plaintiffs have failed to allege prospective injunctive relief designed to directly end said ongoing violation. And third, the state is the real substantial party in interest. First, your honors, this case can be resolved at the initial step of the ex parte young inquiry for the straightforward reason that there is no ongoing. Pardon me. I'm sorry, your honor. We're here on interlocutory jurisdiction? Yes, your honor. Okay. That applies to your 11th Amendment immunity claim? Yes, your honor, under the collateral order doctrine. Yes. Does it allow an ex parte young argument? Yes, your honor. I believe it does. Do you have a case for that? I believe it's Coggeshell, your honor, and it's cited in our brief. It says that you can challenge a denial of sovereign immunity on appeal. Yeah, that's your 11th Amendment claim. Okay. Can we start with why the state is the real party in interest here? Yes, your honor. The state is the real party in interest here. Well, before I answer that, your honor, if I just may, we don't need to reach that question if we find that there's no ongoing violation. But the court is the real party in interest here because the relief that's sought and the ongoing violation that's alleged is not brought against these state officials who are the named defendants. Plaintiffs argue that the continuing violation is the continued withholding of the forfeited money and property. But these Commonwealth defendants' appellants have no authority to return that forfeited property. By operation of state law under General Law, Chapter 94C, Section 47, at the time the forfeiture order was entered, the property that's seized is transferred to the state. It's not transferred to the state's custody. It's transferred to the state's ownership. So at that point in time, the money and property belongs to the state. These defendants, the attorney general, the district attorney, the state administrator of the trial court, and the state police commissioner do not have any authority to return this money. It would have to be the state that returns the money. So we can contrast this to the case of Doe v. Chivinette, which plaintiffs rely on, in which the First Circuit found that the state was not the real party in interest because the state commissioner who was sued had the authority to make the requested change that would remedy the alleged violation of federal law. The commissioner in that case could either release the individuals in the hospitals or provide for a probable cause hearing. Here, there's no action that the Commonwealth defendants' appellants themselves can take, and so they're not the real party in interest. It's the state that the plaintiffs are asking to act through a payment from the Treasury. Could I take you back to Judge Lynch's first question? We have interlocutory jurisdiction to consider the denial of the immunity defense. We generally don't have interlocutory jurisdiction to consider the denial of a 12-6 motion, for example. To decide the immunity defense, we need to form some concept of what is the judgment, what is the claim, and what's being asked, and who has to pay it. I assume for that reason, in your opening, you used the language plausible, that they have no plausible claim that blah, blah, blah. How do we draw the line? It sounds like us forming an opinion about the plausibility or adequacy or statement of claim. How do we draw the line, if at all, between deciding the immunity issue and deciding whether the claim has any validity? Yes, Your Honor. To begin with, I completely agree. Verizon Maryland, the Supreme Court, held that you cannot consider the merits of the underlying alleged violation, the due process violation, the Eighth Amendment violations that are alleged. However, the court can look at whether a violation occurred solely in the past or if it's continuing. We can see that in myriad cases, such as Edelman v. Jordan, Pappasen v. Alland, Whalen. All the cases consider whether the violation occurred in the past or if it's ongoing. So, Your Honors, the question of whether they've alleged a plausible ongoing violation, we contend is within the scope of permissible review because it's not going to the merits. It's just going to whether they have alleged facts that fall within the ex parte young exception to sovereign immunity. And that's- Go ahead. No, you please. What do you- how do we then grapple with- I think there's some suggestion. It's not clear it's in the complaint or even raised below, but in the briefing, there seems to be some suggestion that maybe one of the claims here is a claim that the procedures that the State will use in the future are constitutionally inadequate. That seems like an odd claim, but when I say odd, I start wondering if I'm talking 12B6 as opposed to immunity. How do you deal with that claim? Your Honor, that claim, we don't have to get to the merits of it. We can simply find that it wouldn't be an ongoing violation that operates against these defendants. If there is an issue with the Rule 60B procedure or the burden-shifting framework under the State Act that operates in the State courts, that's something that needs to be challenged through the State court system. As the court- And how is that an immunity argument? Because, Your Honor, there has to be an ongoing violation of federal law that would require the State officials who are sued to confirm their future conduct to the federal law. Counsel, is that because you're saying that any problems with the State Act procedures really have to do, again, with the remedy for a previous violation? That's your argument that the underlying violation is still the forfeiture of their money, which happened in the past, and the procedures under the State Act are a way to obtain a remedy for that past violation. Is that how you're framing it, just to make sure I understand? Yes, Your Honor, and also there's the fact that the actor who would be involved in changing the procedures involved would be the State court. The attorney general and the district attorney have no authority to go to the State court and say, you need to change the procedures that apply under the State Act or Rule 60B. So that would be a claim against the State court, and we know from cases like Whole Woman's Health v. Jackson, Ex Parte Young itself, that orders against State courts violate sovereign immunity because that is the State acting as the sovereign. I'm sorry, Judge Lynch, you were going to ask. You know, as I read the complaint, we're talking about roughly 20,000 to 30,000 people who are in the plaintiff class. We're talking about millions of dollars in recovery. We're talking about courts throughout the Commonwealth, districts, superior courts, so on. This goes to your argument that not only is the State the real party in interest because the forfeiture funds are State funds, but that the costs of administering the remedies that the district court has allowed to go forward would be significant and hardly de minimis. And so it's not just the underlying property. It's that the type of relief sought is also a real considerable sum for the State to be spending. I thought I understood that argument to be being made in your briefs. Is that correct? Yes, Your Honor. We made that argument in support of the argument that notice relief is not available and to distinguish from the facts of the case of Quirin v. Jordan in which the Supreme Court held that the State did not object to providing a notice relief. The Supreme Court emphasized that the lack of a burden on the State was part of the calculus in Green v. Mansour as well. Turning to the issue of notice relief, Your Honor, just because we were talking about it, this case is distinguishable from cases where notice relief has been allowed because there is no valid prospective injunctive or declaratory relief that can be issued. In the case of Quirin v. Jordan, there was a prospective injunction that was issued, and the notice relief was allowed to be ancillary to that injunctive relief. The Supreme Court in Green emphasized that notice relief is not the type of relief that's designed to remedy a continuing violation of federal law, and therefore it would not routinely be allowed under the Ex Parte Young exception. To the extent that plaintiffs argue that there's any tension between Green and Quirin, the First Circuit has already addressed this issue in the case of Duquette v. Ives. The First Circuit said that to the extent that there's any tension, Green was a clarification of Quirin, and Green is the final word on the issue. And it's worth noting in Duquette v. Ives, the Court found that notice relief was not available to a subset of the class at issue there. There were different categories of the class there, and the Court found that notice relief was only available to the subset of the class that also was entitled to prospective injunctive relief. So, Your Honors, it's clear that notice relief is not available here where there's no valid prospective injunctive relief. Counsel, can I just take you back to—I understand your notice relief arguments. Thank you. Just take you back to one thing that I was trying to untangle between all the different parts of the Ex Parte Young analysis. You had said in your brief, and then I think you just talked about it again now, that the official sued here can't put in place the relief that was requested. I think in your brief, you present that as meaning that this is a suit against the state, but I think you also argued that it fails under the sum connection requirement in Ex Parte Young. But I had always understood the sum connection requirement to look at whether the official sued is responsible for enforcing the challenged act or law. And here, it does seem that the officials sued were the ones that were responsible for the initial violation. Can you tell me if I'm misunderstanding that or you see the sum connection requirement differently? Yes, Your Honor. So, first, to the extent that the officials might be the ones who enforce the initial forfeiture, that's not before the court because the district court below held that claims that there were violations of the initial forfeiture were time barred. So, that's not an issue, and that can't be a continuing violation. Your Honors, we raise this point because the relief that was allowed by the district court in the form— I see that I've run out of time. May I briefly answer? Yes. In the form of additional procedural due process protections in Rule 60B proceedings is unrelated to any action that these actors can take. So, in the case of Green, the court said, remedies must be designed to end a continuing violation of federal law. They cannot be simply based on compensatory or deterrence interests. So, we argue that any sort of relief that would not be directly carried out by these defendants would not be appropriate. Thank you. If I have followed what you just said, the connection also goes to not just which officials committed the alleged violations, but which officials would be responsible for the remedies. Okay, what's your best case for that? Ex parte Young, Your Honor, it says that state officials must— the Ex parte Young exception applies for state officials to conform their future conduct to federal law. If there's no change in these state officials' future conduct through the remedy, then that remedy doesn't apply to the Ex parte Young exception. Other relevant places include Green and Quirm. Yeah, I would have thought Green was your better case. Okay, thank you. Thank you, counsel. Thank you, counsel. At this time, counsel for the appellees would please introduce himself on the record to begin. Good morning, Your Honor. May it please the Court, Daniel Marks for the plaintiffs. Your Honors, in Idaho v. Coeur d'Alene, the Supreme Court said that when interpreting the 11th Amendment, courts must ensure that the doctrine of sovereign immunity remains meaningful, but at the same time give recognition to the need to prevent violations of federal law. That guidance echoes the many cases in which the courts made clear that the Ex parte Young doctrine plays a critical role in vindicating federal constitutional rights by empowering lower federal courts to hold state officials responsible for violating federal laws. That, of course, is consistent with this Court's cases like Rosie D. v. Swift, written by Judge Shelley and joined by Judge Coffin, where this Court said, quote, only very narrow exceptions infringe on the well-established right to ask for prospective and judgmental leave against state officials in a federal forum. In that case, the Court said the defendants were trying to push the envelope too far, and they said that the 11th Amendment did not preclude the class action against Massachusetts state officials. And the same is true in this case, which, as we've already heard, arises from the unprecedented state drug lab scandals. The complaint alleges massive class-wide violations of federal constitutional law. But what is the ongoing violation of federal law? The ongoing violation is the continued withholding of forfeited money and property in the complete absence of reliable evidence to establish probable cause, a fact which only came into existence in 2017 upon the vacature of tens of thousands of wrongful convictions, and the absence of a fair, efficient, and effective process for- Excuse me. You have two parts to your argument. One is that the prior procedures provided no basis for a finding of probable cause. Well, there's nothing that shows that there was probable cause because the convictions were vacated, and the second is a procedural argument. On the first one, the SJC flatly rejected your argument in the Martinez case and said no, that the convictions have been vacated does not mean that there was not probable cause, and there are procedures available. Is part of your case the assertion that the SJC was wrong? So I believe the SJC was wrong, but that's not part of the case, Your Honor. Okay, then you're relying only on the second part of your argument. No, Your Honor. Okay, then explain, please. Yes, thank you. What Martinez found, and Judge Talwani makes this explicit on the record at the motion hearing, and I believe in her written order as well, what Martinez found was that Nelson does not directly dictate this question. In other words, Nelson v. Colorado does not mandate as a matter of due process the return of all forfeited money and property. That's all it said. What it also said was that there are processes available in state courts for individuals. No, it said exactly what I told you it said, which is that the convictions were vacated does not establish that there was no probable cause. I respectfully disagree, Your Honor, because otherwise it would have made no sense for the SJC to invite Stephanie Green to bring a 60B motion. On the contrary, they said that can be proved on an as-applied basis through the 60B procedure. If there was no probable cause, there is a remedy here. Right, but the problem is the way the system is currently established, as Judge Talabani recognized, violence due process, because it leaves in place the suggestion that there was probable cause in the absence of any reliable evidence, and puts the burden on a plaintiff to come forward and disprove any connection between alleged drug activity and the forfeited property. Therein lies the problem. Not that the original forfeiture itself was problematic, but in 2017 when the situation changes, and below the commonwealth made the stunning concession that it agrees there is no reliable evidence on which to establish probable cause for any of the forfeitures at issue in this case. So we have these empty probable cause determinations, which now must be challenged under the state system by plaintiffs who come forward and affirmably satisfy a burden to disprove some nexus between their property and the alleged activity, of which they are now presumed innocent. If I'm following you correctly, what you're saying is that the burden now has to be on the state to show a second time, or maybe in your view a first time, that there is probable cause. And what's wrong with 60B is that the burden is put on the people whose property was forfeited. That is part of our argument, Your Honor. And it's not just an argument, as counsel suggested, about state procedure. It's, as Judge Talwani identified, a federal due process problem. It is offensive to due process to require a plaintiff. But the Martinez court ruled as a matter of federal due process. No, the Martinez court only ruled that Nelson did not dictate the due process. We disagree. Okay. That was the claim raised on appeal in Martinez. Aren't you barred from arguing now that the continued withholding of the property is wrongful and can be remedied? I'm sorry, are we barred? Sure, that's retrospective relief, as Judge Talwani held, and you haven't crossed appeal that holding. So it seems to me that there's no claim for wrongful withholding of the property. So I'm glad you asked that question because it gives me a chance to identify something that we really should not be focused on here, which is, is it possible for the district court to order the refund of all the forfeited money and property? That was something we asked for in the complaint. The district court said it has no authority to do that. We have not appealed that. So the question of who exactly holds the money, who owns it, whether the district court can order a particular state official to return it is not at issue. What's at issue, and what Judge Talwani was grappling with, I think, in a careful and deliberate way, was if she finds, ultimately, and we're only at the very beginning of this case, but if she finds there's a federal constitutional violation, either of the 14th Amendment or the 8th Amendment, and then she decides that the scope of that violation— But what is the violation that you're alleging? That's what is escaping me. If we can't get at the original taking of the property, the original forfeiture, in fact, there's a judgment out there that is, I would assume, collaterally binding until set aside on your clients, what then is the federal constitutional procedure, given that Massachusetts has essentially the same procedure that federal courts have for undoing or attacking a judgment? So what Judge Talwani determined was she has broad discretionary equitable authority to do things like require, as a matter of federal due process, that in new Rule 60B proceedings, the district attorneys cannot rely on— She has no equitable authority whatsoever unless there's a wrongful violation of the Constitution. What is the due process violation that needs to be changed? What's wrong with the Massachusetts rules? It's that it permits the defendants to continue to withhold forfeited money and property in the absence of probable cause without a process or with a process that requires the plaintiffs to— But now you're saying you work back in the continue to withhold. Yes, Your Honor. The fact that the forfeiture happened in the past is not dispositive here. There are lots of 11th Amendment cases where some critical event happens in the past. In Papasan, which is one of the cases they rely on most heavily, the event happened in the 1850s. It was the loss of trust purpose for schools in northern Mississippi. But, counsel, I don't think the issue is whether an event happened. Things can continue. And the point, I think, that we're trying to get at is what you keep pointing to when we ask you what the continuing violation is, is the ongoing withholding of the money, which Judge Talwani said can't count as a continuing violation. I disagree. And this was a point that the defendants made in their brief. I don't think that's what Judge Talwani said. It's not what her order says. And it's impossible to understand her order if that's how you read what she said. What she said was, I cannot remedy the continuing violation of continued withholding by ordering the state to pay money back. I can't do that. The 11th Amendment doesn't. But what I could do and what I may do if I find a continuing violation, which she clearly, if not explicitly, must have implicitly acknowledged was alleged adequately in the complaint, she said I can do things like order additional procedures. I can do things like order accounting. I can do things like order notice to plaintiffs that they have these rights. Let me ask you a hypothetical. Okay. Let's assume you're barred, and I know you disagree, let's assume you're barred in the court, would not be able to find that the original forfeiture of the property was wrongful. Okay. So that's out of play. What claim do you have? That due process requires the state of Massachusetts to have a fair, efficient, effective process. That means what procedure? What's lacking? Plaintiffs can come back under Rule 60 motion with district attorneys not allowed to rely on any detainted evidence and the burden not being on plaintiffs to disprove a nexus between property and alleged conduct of which they've now been. Okay. So the Rule 60B procedure in your view is what would be followed? Well, it would be a 60B motion, but as it exists currently, it's inconsistent with federal due process. If you read Nelson, it says once your presumption of innocence is restored, you've got to be returned to the status quo ante with as minimal a burden as possible. So the point is to tell the defendants, well, your convictions have been vacated. We see you as innocent in the eyes now, but you're guilty enough that we can keep millions of dollars of your money and property unless you satisfy a burden to disprove the nexus between your property and alleged conduct. I'm totally lost here. You file a 60B. Take one of your clients. They say, well, it wasn't drugs. They file a 60B motion. The court will listen to that. You'll make the argument that there's no evidence. There's not enough to shift probable cause, to establish probable cause. If you win, you get the property back. If you lose, you lose. What's wrong constitutionally with that procedure? Because a plaintiff now in 2024, the likelihood that they have the ability to establish or to disprove that nexus going back to 2004 when this scandal began, I think that unfairly puts the burden on the plaintiff to undo what is now an unconstitutional situation. And wouldn't you argue that in your 60B proceeding? Well, that's right. But as it stands, that argument fails under current law. So you want the Massachusetts law changed? Well, I want the procedure to change. Well, that is law. Yes, then yes. And who promulgates that procedure? Well, a variety. This gets back to the sum connection question. And I think the word can be read in both senses. Here we've sued, among other people, the Attorney General, who has ultimate supervisory authority for the enforcement and the defense of the constitutionality of state law. But the Attorney General can't change the Massachusetts rules of civil procedure. No. And I think the defendants in this case can be ordered to do a whole number of things that would be relevant and critical to effective relief. But what? What can they do? For example, the district attorneys in the trial court can be ordered to notify all the class members of their rights under 60B. And the district attorneys can be enjoined from relying on any of the tainted drug evidence, which the state has acknowledged is unreliable in those proceedings. The district attorneys and the Massachusetts State Police defendants can be ordered to conduct an accounting of all the money and property, which is critical to the ability of plaintiffs to be able to exercise their rights. I thought all of them were released from the case. And what we're talking about now is the Attorney General and what powers the Attorney General has. No, Your Honor. The current defendants in the case of the Attorney General, all the district attorneys, the trial court administrator, and the superintendent of the Massachusetts State Police, all of whom are critical actors in this. And, look, you look at a case like Millard v. Ross. Counsel, can I just ask you very practically, would a district attorney right now be able to rely on evidence that the SJC has said you can't rely on? In other words, I'm still trying to understand what would be different if you got what you wanted, because it seems to me that one of your clients, with your help, opened up one of these procedures, and you point out the SJC's decision. How could a district attorney rely on evidence that the SJC has held can't be considered? It's a good question, Your Honor, but for years the district attorneys insisted that these convictions were valid until the SJC said they weren't. No, but now that there's been a ruling, so what basis would we have to conclude that the district attorneys would ignore the SJC's decision? What I expect they would say is that in a particular case, because we don't know whether the evidence was tangent or reliable, a defendant would have to show on a case-by-case basis that there was no probable cause, and then just prove the nexus between their activity and the conduct. Whereas what the Commonwealth at the motion hearing acknowledged was globally there is no reliable evidence, and what Judge Talwani was reckoning with is that is a tremendous due process problem, that we have millions of dollars in property and money taken from people in the absence of legitimate probable cause findings, and in a world in which their only relief is to carry the burden of individual motions to come to court and disprove a nexus. So your argument depends on what you're predicting the district attorneys will say in those proceedings, is that right? No, I don't think so. That's just the current state of the world, is that those probable cause findings exist, they're a fact, and they're something that the current process requires the individual class members to overcome. And I guess the one thing I'd add in response to Judge Kayada's question is, you know, as you see in cases like the Millikan and Fafasan, the educational segregation cases, you know, all these cases are brought against a whole host of state officials, up until including the governor, and there are many, many, many people involved in implementing these complex, time-intensive, resource-intensive, equitable remedies, that that fact alone, and it would be true here, and we're not denying that, that fact alone does not mean the 11th Amendment bars or strips a district court of the ability to correct a federal constitutional violation. Thank you, counsel. Thank you, counsel. At this time, would counsel for the appellants please reintroduce herself on the record? She has a two-minute rebuttal. Thank you. Assistant Attorney General Christine Vimineri on behalf of the Commonwealth Defendant's Appellants. I have two points of rebuttal, Your Honor. First, plaintiff's counsel has argued that the additional due process protections in Rule 60B proceedings is the remedy that they are seeking here. That remedy would be a claim against the state as the substantial party in interest. That is not allowed under principles of sovereign immunity. And second, Your Honors, the plaintiffs have available remedies in state court. The plaintiffs can bring individual claims to challenge their forfeiture orders under Rule 60B. As we noted in footnote two of our principal brief, some plaintiffs have done that, and they've had their property returned to them or the money. And if there's a problem... I read through those decisions, and there's at least one in which the property was returned simply on the basis that the conviction had been vacated. And that, from the point of view of the judge in the 60B proceeding, was all it took to return the property. So there's no pattern that has emerged yet, but some of the judges seem to have adopted the point of view taken by the plaintiffs in this case. Yes, Your Honor. And that's consistent with Martinez, where the SJC said that individual courts could decide the individual questions of whether there's probable cause in each case. And, Your Honors, just to that point, if there was an issue with the 60B proceedings, the plaintiffs can appeal that, and they can appeal that all the way up to the Supreme Court if they'd like to. And so they can receive review of their alleged federal due process violation in the state courts. The problem is that the plaintiffs are in the wrong forum. They can bring their claims in the state courts and receive the relief they seek, if it's appropriate. If one of the plaintiffs brings a claim under Rule 60B and points out that the evidence in that proceeding included the testimony of Ms. Dukin, I think her name is, and that has to be stricken so there's no probable cause, is there any evidence to suggest that the defendants in that proceeding, your clients, would oppose the motion if they had no evidence of probable cause? I don't believe that they would oppose a motion if there was no evidence of probable cause, Your Honor. Is there any evidence in the file that arguments about we need discovery or so would not be entertained and ruled on in accordance with Massachusetts procedures? I don't believe so, Your Honor. I don't believe there's anything in there that it wouldn't apply to Massachusetts procedures. Can you repeat your question, if you don't mind? I think you've answered it. It's fine. Thank you, Counsel. Thank you very much. Thank you, Counsel. That concludes argument in this case.